IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH A. COOPER, JR.** *and* **SHIRLEY COOPER** *husband and wife,* <br><br> Plaintiffs, <br><br> v. <br><br> **METLIFE AUTO & HOME, METROPOLITAN CASUALTY INSURANCE COMPANY, METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY,** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO. 13-687 |

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge

**I.**     **Introduction**

Pending before the court is a motion to sever and stay a claim pursuant to Federal Rule of Civil Procedure 42(b) (the "Motion") (ECF No. 8), and brief in support (ECF No. 9), filed by defendant Metropolitan Casualty Insurance Company[1] ("defendant"). Plaintiffs Joseph A. Cooper, Jr. ("Mr. Cooper") and Shirley Cooper (collectively "plaintiffs") filed a response (ECF No. 10), and a brief in opposition. (ECF No. 11.) This case arises out of an insurance coverage dispute over the nonpayment of uninsured motorist benefits. The matter being fully briefed, it is

---

[1] Defendant asserts that plaintiffs in their complaint misidentified "Metlife Auto & Home" and "Metropolitan Property and Casualty Insurance Company" as co-defendants. (ECF No. 1; ECF No. 9.)

1

now ripe for disposition. Upon reviewing the submissions of the parties, defendant's Motion is denied because defendant did not demonstrate that bifurcation is appropriate.

## II.     Factual Background Taken From the Complaint

On August 13, 2009, a motorist (the "tortfeasor") ran a red light and struck Mr. Cooper's vehicle as he passed through an intersection in Oil City, Pennsylvania (the "accident"). (ECF No. 1-1 at 3.) As a result of the accident, Mr. Cooper suffered bodily injuries that require continuing medical care. (Id. at 2-5.)  At the time of accident, a third-party insurance company indemnified the tortfeasor against bodily injury liability in the amount of $50,000. (Id. at 5.) Defendant indemnified Mr. Cooper against "damages for bodily injury" resulting from, inter alia, an accident with the "owner or driver" of an underinsured motor vehicle ("UIM" insurance) pursuant to an automobile insurance policy. (ECF No. 1-2 at 4.) On June 24, 2011, Mr. Cooper filed a formal UIM claim with defendant contending his medical costs exceed the tortfeasor's bodily injury liability coverage. (ECF No. 1-1 at 6-7.) In July 2011, Mr. Cooper settled his claim with the tortfeasor's insurer in the amount of $50,000. (Id.) Defendant made no offer of settlement in response to plaintiffs' UIM claim, and the instant action ensued. (Id.)

## III.    Procedural History

Plaintiffs filed this lawsuit in the Court of Common Pleas of Mercer, Pennsylvania on April 9, 2013. (Id. at 1.) Defendant removed the case to this court on May 16, 2013, under this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1.) Plaintiffs' complaint alleges two violations of Pennsylvania law: breach of contract (Count I); and a bad faith insurance claim (Count II) pursuant to 42 Pa. Cons. Stat. § 8371 ("Section 8371"). (ECF No. 1-1 at 7-9.) On June 18, 2013, defendant filed this motion to sever and stay Count II pending the resolution of Count I.

IV.     **Discussion**

Defendant argues in support of it motion that bifurcation pursuant to Federal Rule of Civil Procedure 42(b) will avoid prejudice to both parties and promote judicial efficiency in the case. (ECF No. 9 at 3.) Defendant argues bifurcation will promote judicial efficiency because the evidence offered with respect to Count I is "wholly distinct" from the evidence underlying Count II, and the litigation of Count I "may obviate the need to try" Count II. (Id. at 3.) Defendant, therefore, asks that Count II be severed and stayed pursuant to Federal Rule of Civil Procedure 42(b) pending the resolution of the underlying UIM claim under Count I. (Id.) The court weighed these considerations and finds that bifurcation of the claims is not appropriate in this case.

1.      **General Framework**

Federal Rule of Civil Procedure 42(b) provides:

> **(b) Separate Trials.** For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

The court has broad power to sever and stay proceedings. Barr Labs., Inc. v. Abbott Labs., 978 F.2d 98, 105 (3d Cir. 1992); Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). In exercising this discretion, the court is required to weigh the competing interests of the parties and attempt to maintain an even balance. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). In maintaining that even balance, the court must consider whether "there is 'even a fair possibility' that the stay would work damage on another party." Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983) (quoting Landis, 299 U.S. at 255). In determining whether to sever and stay, the court must balance considerations including the convenience of the parties, the avoidance of prejudice to either party, and "promotion of the expeditious resolution of the litigation." Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352,

3

355 (E.D. Pa. 2000) (internal quotation omitted). Specifically, the court is to consider: (1) whether the issues are significantly different from each other; (2) whether they require separate witnesses and documents; (3) whether the nonmoving party would be prejudiced by bifurcation; and (4) whether the nonmoving party would be prejudiced if bifurcation is not granted. Id. The moving party bears the burden of demonstrating that bifurcation is appropriate. Reading Tube Corp. v. Emp'r Ins. of Wausau, 944 F. Supp. 398, 404 (E.D. Pa. 1996). Each of the factors will be considered.

    **a.**    **Overlap of the Issues and Prejudice to the Defendant**

Defendant argues the issues presented in Count I are "markedly different" from those in Count II. (ECF No. 9 at 8.) In support, defendant asserts that "trying the [UIM] coverage portion" under Count I contemporaneously with plaintiffs' bad faith claim under Count II will be "prejudicial to the insurer" because the burden of proof with respect to Count II is higher than that required for Count I. (Id. at 3-4.) Defendant argues that, in order to establish "bad faith" under Count II, plaintiff would seek in discovery defendant's claim files and log notes, which contain the claim handler's mental impressions, strategies, and evaluations with respect to plaintiffs' UIM claim under Count I. (Id. at 6.) Defendant asserts these mental impressions constitute protected work product pursuant to Pennsylvania Rule of Civil Procedure 4003.3. (Id.) Defendant concludes it would be prejudiced if the court allowed plaintiffs to "circumvent" work product protections with respect to Count I "merely by alleging a count of bad faith." (Id.)

Defendant asserts that a contemporaneous trial with respect to Counts I and II would prejudice defendant because Count II would require the presentation of "confusing and prejudicial evidence and argument" that would "bias and infect" the fact-finder's determinations with respect to Count I. (Id. at 5-6.) These arguments lack merit.

Defendant cites a series of state court decisions. (Id. at 4, 8 (citing Corrente v. Fitchburg Mut. Fire Ins. Co., 557 A.2d 859, 862 (R.I. 1989); Gunn v. Auto. Ins. Co. of Hartford, 971 A.2d 505 (Pa. Super. Ct. 2009) (Lally-Green, J., dissenting); Wutz v. Smith, No. GD07-021766, 2009 WL 2920956 (Pa. Ct. Com. Pl. Allegheny Cnty. Sept. 9, 2009)).) Defendant acknowledges it "has not located" any binding authority addressing these issues. (Id. at 7.)

This court, however, *has* previously decided this issue in favor of plaintiffs' position. In Craker v. State Farm Mut. Auto. Ins. Co., Civ. No. 11-0225, 2012 WL 3204214 (W.D. Pa. Aug. 3, 2012), the plaintiffs filed suit alleging breach of contract and bad faith pursuant to Section 8371 when their insurer refused to pay an UIM settlement after an accident with an underinsured motorist. The defendant sought to bifurcate the claims after the court granted plaintiff's motion to compel discovery with respect to the bad faith claim. Id. at *1. The district court denied the defendant's motion to bifurcate the claims, reasoning:

> [T]here is considerable overlap in the issues. Both [the breach of contract and bad faith claims] centrally involve [the insurer's] valuation of the [plaintiffs'] injuries and losses. In this case, there is no question that [the insurer's] UIM coverage has been triggered, that the [plaintiffs] were without fault in the accident, that the [plaintiffs] suffered injuries requiring past and future surgeries as a result of the accident, and that [the insurer] has refused to meet the Crakers' demand for payment of full UIM coverage. The only issue in dispute on the UIM claim is the valuation of the [plaintiff's] injuries. The same issue is central to the [plaintiffs'] bad faith claim.
> …
> The potential prejudice presented by this situation does not outweigh the [c]ourt's obligation to promote the expeditious resolution of this matter, particularly given the substantial overlap in issues and evidence.

Id. at *2. The factual circumstances and legal standards in Craker mirror those in the instant case. Plaintiffs' breach of contract and bad faith claims under Counts I and II both "centrally involve the insurer's valuation of plaintiffs' injuries and losses." Id. at *2. The issues in this case, therefore, are not "significantly different" and do not warrant bifurcation pursuant to Rule 42(b).

5

See Reading Tube, 944 F. Supp. at 404; Consugar v. Nationwide Ins. Co. of Am., No. 3:10cv2084, 2011 WL 2360208, at *7 (M.D. Pa. June 9, 2011) (denying bifurcation because plaintiff's bad faith and UIM claims were based on the same facts and evidence); Yellowbird Bus Co. v. Lexington Ins. Co., Civ. No. 09–5835, 2010 WL 2766987, at *8 (E.D. Pa. July 12, 2010) (denying bifurcation because discovery with respect to plaintiffs' bad faith and UIM claims would substantially overlap); Suscavage v. Nationwide Mut. Ins. Co., No. 3:05cv501, 2008 WL 2278082, at *2-3 (M.D. Pa. June 3, 2008) (denying trifurcation because plaintiff's bad faith and UIM claims were interrelated and based on the same facts).

      b.    **Separate Witnesses & Documents**

Defendant does not suggest, and the record does not indicate, that a contemporaneous trial with respect to Counts I and II would require "separate witnesses and documents." Reading Tube, 944 F. Supp. at 404. In Craker, the court noted:

> [A]lthough the bad faith claim will require additional witnesses and evidence as compared to the breach of contract claim, the parties' pretrial statements indicate that many witnesses would be required to testify in both phases. It would waste judicial resources and cause inconvenience to require those witnesses to testify twice in the same trial.

2012 WL 3204214, at *2. In this case, as in Craker, many of the same witnesses likely will be required to testify with respect to both Counts I and II, and many of the same documents likely will be used in the trial of both Counts I and II. Id. It would, thus, "waste judicial resources and cause inconvenience" to order a bifurcation of the claims in this case at this time. Id.

      c.    **Prejudice to the Nonmoving Party**

Defendant contends plaintiffs may be prejudiced in proceeding with Count II contemporaneously with Count I if the court refuses to order discovery with respect to the claims

6

handler's mental impressions until the resolution of Count I. (ECF No. 9 at 6.) Defendant also argues plaintiffs would not be prejudiced by bifurcation because plaintiffs are "potentially entitled to interest at prime rate plus three percent and attorney's fees if they successfully prove [d]efendant acted in bad faith [under Count II]." (Id. at 10.) The court has "broad power" to sever and stay proceedings, and these conjectural assertions do not outweigh the court's obligation to promote the expeditious resolution of this matter, particularly given the "substantial overlap in issues and evidence." Bechtel Corp., 544 F.2d at 1215; Craker,  2012 WL 3204214 at *2.

Defendant fails to demonstrate at this time that bifurcation is appropriate under the facts of this case. The court, therefore, denies defendant's motion to sever and stay Count II pending the resolution of Count I pursuant to Federal Rule of Civil Procedure 42(b).

## V.    Conclusion

For the reasons set forth above, defendants' motion to sever and stay Count II will be denied. An appropriate order follows.

## ORDER

AND NOW, this 6th day of August, 2013, for the reasons set forth in the accompanying memorandum opinion, it is HEREBY ORDERED that defendant's motion to sever and stay, (ECF No. 8), is DENIED. The denial is without prejudice to defendant filing discovery motions at the appropriate time.

SO ORDERED.

BY THE COURT:

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Judge